IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PINNACLE BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:24-cv-00305 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| AMERICAN GENERAL LIFE ) | MAGISTRATE JUDGE FRENSLEY |
| INSURANCE COMPANY AND ) | |
| RONALD E. BARTELL, JR., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

The Clerk granted Entry of Default as to Ronald E. Bartell, Jr. on June 18, 2024. (Doc. No. 22). Now before the Court is Plaintiff Pinnacle Bank's Motion for Entry of Default Judgment Against Defendant Ronald E. Bartell, Jr. under Federal Rules of Civil Procedure 55(b)(2) and 54(b). (Doc. No. 24). As alleged in the Complaint, Defendant Bartell has failed to pay amounts owed on a promissory note to Pinnacle Bank. (*See* Doc. No. 1-3). Plaintiff also brings claims against American General Life Insurance Company ("AIG") for alleged failure to pay pursuant to Bartell's collateral assignment of the cash surrender value of his AIG whole life policy. (*Id.*). Plaintiff seeks default judgment against Defendant Bartell for amounts owed on the promissory note, plus per diem interest. (Doc. No. 24).

In support of the motion for default judgment against Defendant Bartell, Plaintiff filed the Affidavit of David M. Smythe, attorney for Pinnacle Bank, (Doc. No. 12), copies of payoff letters issued by Pinnacle Bank (Doc. No. 12-1 at PageID# 103-106), and statements of attorneys' fees and costs (Doc. No. 12-1 at PageID# 107-117).

Federal Rule 55(b) governs the entry of default judgment. "When an application is made to the court under Rule 55(b)(2) for the entry of judgment by default, the district judge is required to

exercise sound judicial discretion in determining whether the judgment should be entered." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civ.3d § 2685 (1998). "This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right." *Id*. The court should deny a motion for default judgment when the complaint fails to state a claim upon which relief can be granted. *Lee v. United Serv. Assocs., Inc.*, No. 4:07-cv-57, 2007 WL 2788459 at * 1 (E.D. Tenn. Sept. 24, 2007) (citing *Bailey v. Harrison*, 107 F.3d 870 (6th Cir. 1997)). In matters where default judgment is sought against some, but not all, defendants, Rule 54(b) is also implicated. Under its terms, "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

The Court finds Plaintiff has established a claim against Defendant Bartell based on his failure to pay the promissory note and has established that it is entitled to damages in the amount of $119,038.29 as of April 12, 2024, plus interest of $2,367.17 ($20.58412 per diem from April 12, 2024, through the date of final judgment). Because the claims against Defendant AIG for alleged failure to pay the deficiency under the assigned life insurance policy, while related, are distinct from those against Defendant Bartell, and because Defendant AIG does not object, the Court finds no just reason for delay of entry of final judgment as to Defendant Bartell. Accordingly, Plaintiff's Motion for Default Judgment Against Ronald E. Bartell, Jr. (Doc. No. 24) is **GRANTED**.

Final Judgment shall enter by separate Order.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE